

## NO. 3:02-CV-1145-H

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF TEXAS

## AT DALLAS



FILED

APR 1 3 2004

CLERK, U.S. DISTRICT COURT

By _____
             Deputy

**DAVID LYNN CARPENTER**

                                    Applicant

                                    VS.

**STATE OF TEXAS**

                                    Respondent

---

**UNOPPOSED MOTION TO ABATE APPLICATION FOR RELIEF
PURSUANT TO 28 USC §2254**

---

**BRUCE ANTON**
**State Bar No. 01274700**
**2301 Cedar Springs Rd.**
**Suite 400**
**Dallas, Texas 75201**
**(214) 468-8100**
**(214) 468-8104 (fax)**

**ATTORNEY FOR APPLICANT**

TO THE HONORABLE MAGISTRATE JUDGE WILLIAM SANDERSON:

COMES NOW, Applicant, David Lynn Carpenter, and moves this court to enter an order abating further proceedings in this cause pending resolution of an unexhausted claim for relief filed in State court pursuant to Tex.Code Crim.Proc.Art. 11.071§5, and would show as follows:

I.

Applicant has a pending claim which has arguably not been exhausted in the courts of the State of Texas. Claim IV of the Application for Relief pursuant to 28 USC §2254, filed on July 8, 2003, states that **APPLICANT WAS DENIED DUE PROCESS OF LAW WHEN THE STATE COURT FAILED TO CONDUCT A HEARING ON HIS CLAIM OF NEWLY DISCOVERED EVIDENCE THAT THE CO-DEFENDANT HAD CONFESSED TO THE MURDER AND HAD EXCULPATED APPLICANT.** This claim is found on pages 54-57 of said original application and is incorporated herein for all purposes.

II.

In her Brief in Support of Respondent Dretke's Answer, Dretke, through the Attorney General, responded that the claim is not cognizable at this time because it was not properly presented to the trial court. (Response pages 33-37.) The response is incorporated herein for all purposes. The essence of Dretke's position is that the evidence was submitted after the trial court had entered its proposed findings of fact and therefore, was not timely.

III.

In July, 2003, applicant filed a subsequent writ in the State court pursuant to Tex.Code Crim.Proc. Art. 11.071 asking the State court to consider Claim IV. above. At that time, the Court of Criminal Appeals dismissed the subsequent application on grounds of abstention. This

UNOPPOSED MOTION TO ABATE - Page 2

dismissal is also duly noted in Dretke's response. A copy of the application and order are appended hereto.

IV.

Subsequent to that dismissal, the Court of Criminal Appeals has revised its ruling regarding the abstention doctrine in *Ex Parte Soffar*, No. 29,980-02, February 11, 2004. A copy of that opinion is appended hereto. According to *Soffar*, the State court may consider a subsequent writ, not otherwise barred by Tex.Code Crim.Proc. Art. 11.071§5, if the federal court having jurisdiction over the 2254 application enters an order abating further proceedings until State court remedies have been exhausted.

V.

Based upon the holding in *Soffar*, applicant has prepared a new writ application pursuant to Tex.Code Crim.Proc.Art. 11.071, raising the ground for relief set out in Claim IV referenced above. Since respondent Dretke, through the attorney general's office has taken the position that Claim IV was not exhausted in the courts of the State of Texas, respondent Dretke is unopposed to abatement of these proceedings while that claim is pursued.

VI.

Whenever a federal court having jurisdiction over a claim for relief under 2254 finds that potentially meritorious but unexhausted claims have been raised, the Fifth Circuit has expressed a preference for allowing a remand to the State court for exhaustion of the claims. See, for example, *Wilder v. Cockrell*, 274 F.3d 255, 262 (Fifth Cir. 2001). In a close case, the determination of whether the claim was exhausted should be left to the State court in the first instance. *Coleman v. Thompson*, 501 U.S. 722, 731 (1991).

UNOPPOSED MOTION TO ABATE - Page 3

VII.

Pursuant to telephone conference with Assistant Attorney General Ed Marshall, a

supervisor of the capital litigation division who is acting as counsel while counsel of record is on

maternity leave, respondent Dretke does not oppose abatement of these proceedings on the

further stipulation that applicant immediately notify this court and all parties upon a final

disposition of the subsequent 11.071 application in the State court.

WHEREFORE, PREMISES CONSIDERED, applicant prays that this court will enter an

order abating further proceedings while applicant's claim for relief, designated herein as Claim

IV., is pursued in the courts of the State of Texas as a subsequent application for relief under

Tex.Code Crim.Proc. Art. 11.071§5.

Respectfully submitted,

BRUCE ANTON
State Bar No. 01274700
2301 Cedar Springs Rd.
Suite 400
Dallas, Texas 75201
(214) 468-8100
(214) 468-8104 (fax)

ATTORNEY FOR APPLICANT

UNOPPOSED MOTION TO ABATE - Page 4

## CERTIFICATE OF SERVICE

I, Bruce Anton, do hereby certify that a true and correct copy of foregoing motion for abatement was sent to counsel of record for the respondent Dretke, by placing same in a United States Mail Repository on this the ___13___ day of April, 2004.

Ed Marshall
Assistant Attorney General
Attorney in Charge
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548

_____
BRUCE ANTON

UNOPPOSED MOTION TO ABATE - Page 5