UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:02-CV-1145-B |
| | § | |
| NATHANIEL QUARTERMAN | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION

In 1999, Petitioner David Lynn Carpenter ("Carpenter")was sentenced to death in Texas state court for a capital murder he committed in 1991.  After a series of unsuccessful appeals through the state courts, Carpenter filed for federal habeas relief in this Court pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").[1]  At issue here is whether Carpenter is entitled to an evidentiary hearing to provide expert testimony on the unreliability of certain eyewitness testimony used against him at trial and to allow this Court to hear live testimony and assess the credibility of witnesses -who up until now have appeared by affidavit- which affidavits are contradictory as to Carpenter's culpability.  Carpenter's writ of habeas corpus will be addressed in a subsequent Order, however, having considered Carpenter's Request for Hearing (doc #56), the Court finds that Carpenter's Request should be and is therefore DENIED as set forth below.

## BACKGROUND

---

1 *Lindh v. Murphy*, 521 U.S. 320, 336 (1997) (noting that the AEDPA applies to all habeas cases filed after April 24, 1996).

Over eight years ago, Carpenter was tried, convicted, and sentenced to death for the 1991 murder-for-hire of acquaintance Nelda Henin.  Carpenter's conviction and sentence were affirmed on direct appeal by the Texas Court of Criminal Appeals on October 24, 2001 and were not further appealed to the Supreme Court.  *Carpenter v. State*, No. 73,442 (Tex. Crim. App. 2001). His three state habeas applications were likewise unsuccessful.  *Ex Parte Carpenter*, Application No. 46,656-01(Tex. Crim. App. 2001); *Ex Parte Carpenter,* Application No. 46,656-02 (Tex. Crim. App. 2003); *Ex Parte Carpenter,* Application No. 46,656-03 (Tex. Crim. App. 2007).

In connection with his federal habeas petition, Carpenter moves the Court to hold an evidentiary hearing on two grounds. First, Carpenter seeks a hearing to allow him to produce expert testimony to show that no reasonable jurist could find state trial eyewitness Tessica Rainey's identification of him reliable.  Second, Carpenter seeks an evidentiary hearing so that this Court may assess the credibility of individuals who - through competing affidavits submitted in the state habeas proceedings - have supplied arguably contradictory information about his culpability.

## ANALYSIS

"Reduc[ing] delays in the execution of state and federal criminal sentences" was one of the principles underlying the enactment of the AEDPA, 28 U.S.C. § 2254.  *Schriro v. Landrigan*, 127 S. Ct. 1933, 1940 (2007)(*quoting Woodford v. Garceau*, 538 U.S. 202, 206 (2003))(other citation omitted).  In keeping with this principle, the AEDPA, "greatly curtailed federal habeas court discretion to conduct evidentiary hearings."  *Guidry v. Dretke*, 397 F.3d 306, 322 (5th Cir. 2005)(*citing* 28 U.S.C. §2254(e)(2)); *See also Guidry v. Dretke,* 429 F.3d 154, 165 (dissent on

rehearing) (5th Cir. 2005). With only two exceptions,[2] no hearing at all is permitted under the AEDPA if "the applicant has failed to develop the factual basis of [his] claim in State court proceedings." 28 U.S.C. § 2254(e)(2). The Supreme Court has held that the inquiry under section 2254(e)(2) is whether the applicant was "diligent" by undertaking "a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams v. Taylor*, 529 U.S. 420, 435 (2000). "Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court...[T]he prisoner must have been diligent in developing the record and presenting, if possible, all claims of constitutional error...Federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 437.

Assuming the applicant shows diligence, a federal court has the discretion, but not necessarily an obligation, to hold an evidentiary hearing. *Schriro*, 127 S. Ct. at 1939-1940; *McDonald v. Johnson*, 139 F.3d 1056, 1059-1060 (5th Cir. 1998) (observing that where section 2254(e)(2) did not bar an evidentiary hearing, the district court had discretion under Rule 8 of the Rules Governing section 2254 Cases on whether to hold a hearing). If the record itself precludes habeas relief, the district court is not required to hold a hearing. *Clark v. Johnson*, 202 F.3d 760, 767 (5th Cir. 2000) (finding that a hearing is not required where the applicant has not presented clear and convincing evidence to rebut a state court's findings). Nonetheless, in

---

2 If the applicant has failed to develop the factual record in state court, an evidentiary hearing will not be held unless the applicant can show (1) that his claim relies on a new rule of constitutional law made retroactive by the Supreme Court or (2) a factual predicate exists that could not have been discovered before, and (3) the facts underlying the claims would be sufficient to establish by clear and convincing evidence that but for constitutional error no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2254(e)(2)(A)-(B).

deciding whether to exercise its discretion to hold a hearing, a federal court must take the deferential standards of section 2254 into account. *Schriro*, 127 S. Ct. at 1940.

Habeas relief is precluded under section 2254(d) unless the applicant can show that the state's adjudication of his claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(2).[3] The issue is "not whether the federal court believes the state court's determination was *incorrect* but whether that determination was *unreasonable*-a substantially higher threshold." *Schriro*, 127 S. Ct. at 1939(emphasis added). The unreasonableness of the state's determination of the facts must also be considered in light of section 2254(e), which provides that "a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).[4]

Contrasted with pre-AEDPA law, the *quality* of the evidentiary hearing by the state court is not relevant to deciding the applicability of section 2254(e)'s presumption of correctness to the state habeas court's findings of fact or to applying the review standard of section 2254(d). *Valdez v. Cockrell*, 274 F.3d 941, 950-51 (5th Cir. 2001). *See also Hudson v. Quarterman*, 273 F. App. 331, 334 (5th Cir. 2008) (rejecting arguments that state court findings are not entitled to

_____

3 Habeas relief is also available if the applicant can show that the state court's adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court." 28 U.S.C. §2254(d)(1).

4 The presumption of correctness also attaches to any unarticulated findings of fact necessarily implied by the state court's written findings and conclusions of mixed law and fact. *Pippin v. Dretke*, 434 F.3d 782, 788 (5th Cir. 2005).

deference either because the state court (1) did not hold a hearing and (2) adopted the state's proposed findings and conclusions verbatim); *Johnson v. Quarterman*, 204 F. App. 367, 371 (5th Cir. 2006) (rejecting petitioner's argument that the state court's findings should be not be given deference because "all credibility decisions were made from a cold record"); *Morrow v. Dretke*, 367 F.3d 309, 315 (5th Cir. 2004) (rejecting argument that the federal court should not defer to the state court's findings where the state court did not allow an evidentiary hearing and the habeas judge was different than the trial judge).

Moreover, even prior to the AEDPA, in habeas cases, the Fifth Circuit consistently held that "the presumption of correctness does not become inapplicable for the *sole* reason that no live evidentiary hearing has been held." *May v. Collins*, 955 F.2d 299, 311 (5th Cir. 1992).[5] As the Fifth Circuit noted in *Carter v. Johnson*, 131 F.2d 452, 460 n. 13 (5th Cir. 1997), "the mere fact that the state court dismissed the habeas petition on the basis of affidavits, without granting an evidentiary hearing, does not disturb the presumption of correctness under section 2254." Further, prior to the AEDPA, the Fifth Circuit specifically rejected the idea that the state habeas judge and the state trial judge have to be the same person in order for the presumption of the correctness of fact findings based solely on affidavits to apply. *Carter*, 131 F.2d at 460 n.13. There simply has never been a blanket rule in this Circuit that a state court's findings are not entitled to deference or are inherently unreasonable in the absence of an evidentiary hearing

---

5 *Collins* was decided before the AEDPA was enacted. However, the presumption of correctness of state court findings, absent clear and convincing evidence from the petitioner to rebut that presumption, contained in the older habeas law was retained and strengthened in the AEDPA. *Cf.* 28 U.S.C. §2254(d) (1988) *to* 28 U.S.C. §2254(e) (1996). Thus, the Fifth Circuit's prior reasoning applies with even more force under the AEDPA.

even with contradictory affidavits, and with the enactment of the AEDPA such a rule or implication certainly does not exist now. *Duncan v. Cockrell*, 70 F. App. 741, 746 (5th Cir. 2003) (rejecting the argument that a paper hearing was inadequate because the judge had no basis for determining the affiants' credibility). As the Fifth Circuit has stated "[c]onsistent with *Valdez*, [the applicant] can defeat the presumption of correctness only with clear and convincing evidence". *Id.*; 28 U.S.C. § 2254(e)(1).

(1)   Evidentiary Hearing on the Validity of the Eye Witness Identification

Carpenter asserts that the court should conduct an evidentiary hearing "to flesh out his claim" that the identification process by which eye witness Tessica Rainey identified him in a photo line-up as the person she saw leaving the scene of the Henin murder was fatally flawed. Carpenter argues that no credible expert witness, and therefore no reasonable jurist, would find valid Rainey's identification of Carpenter six years after the murder occurred. In support of this argument, in association with his 2000 writ application, Carpenter submitted the affidavit of investigator Fred Pendergraff opining as to the problems with the line-up and identification process. (Ex A to August 2000 Writ Application (Writ 97-7749-U(A); Vol 1:235-238)). The record does not indicate that Carpenter sought an evidentiary hearing in 2000 in order to present or develop any expert opinion on the line-up.[6] Nor does the record indicate that Carpenter submitted any expert affidavits regarding the allegedly flawed identification process

_____

6 The record indicates only that Carpenter objected after the state court entered an order, in response to the State's request, finding that a hearing was unnecessary because there were no material, previously unresolved facts. Even in his objection, Carpenter did point to any specific issue, including the allegedly improper line-up, on which he felt a hearing was required. (Writ 97-7749-U(A); Vol 2:394-397).

with his original writ in state court, with the possible exception of the affidavit of investigator Mr. Pendergraff.[7]

Carpenter is not entitled to an evidentiary hearing in federal court if he was not diligent in developing the basis of his claim in the state court proceedings unless he can show a new factual predicate that could not have been previously discovered.    28 U.S.C. § 2254(e)(2)(A)(ii).[8]  As an initial matter, Carpenter has not been at all specific on what he would show at an evidentiary hearing on the issue of the line-up identification.   He refers only to providing expert testimony in the field of eyewitness identification.   Pet. Req. for Hearing at 6. Carpenter already presented testimony that he characterizes as expert—that of Mr. Pendergraff—with his 2000 writ application.    Mr. Pendergraff's affidavit testimony was considered by the state habeas court, which entered findings regarding the line-up identification and addressed the points he raised.   State Court Findings and Conclusions Nos. 110-142 (Writ 97-7749-U(A); Vol 3:497-503).

To the extent that Carpenter asks this Court to hear testimony from Mr. Pendergraff to reassess the state court's findings on the issues raised in his affidavit, the Court declines to do so. The state court findings specifically refer to Mr. Pendergraff's affidavit and are presumed correct, and Carpenter has not rebutted that presumption by clear and convincing evidence.   28 U.S.C.

---

7 While Mr. Pendergraff's qualification as an expert on the potential flaws in the witness identification process is questionable, his expert qualifications, or lack thereof, do not affect the Court's opinion and the Court renders no judgment on his alleged expertise.

8 Carpenter does not argue that there is a new rule of retroactive constitutional law that applies to his case that could potentially entitle him to a hearing based on 28 U.S.C. §2254(e)(2)(A)(i).

§2254(e)(1).   A federal court cannot second-guess a state court's credibility determinations. *Guidry*, 397 F.3d at 319.

Given that Carpenter submitted the affidavit of Mr. Pendergraff with his 2000 writ to the Texas Court of Criminal Appeals, it is unclear why Carpenter could not have submitted additional affidavits at that time to "flesh out" his claims regarding the problems with the identification process.   Obviously, the line-up process about which Carpenter complains and the state trial court's decision to allow trial testimony from eyewitness Ms. Rainey over Carpenter's objections had both occurred prior to the submission of the 2000 writ.   Thus, Carpenter had all of the information he needed in 2000 to fully argue his claims about the flaws in the line-up process and eyewitness testimony.   Carpenter has provided no explanation as to his failure in 2000 to provide affidavits from any other experts he would now like to offer.   The Court cannot say that Carpenter developed the basis of his claim during the state court proceedings in order to render an evidentiary hearing potentially available in federal court.

Moreover, even if the Court found that Carpenter was diligent in developing his claim in state court, this Court would refuse to exercise its discretion to hold an evidentiary hearing. *Schriro*, 127 S. Ct. at 1939.   Carpenter appears to seek to provide expert testimony to bolster his claim that the state court's legal conclusions regarding the validity of the line-up and identification process resulted from an incorrect application of constitutional authority as set forth in the *Wade/Biggers* line of cases.   Pet. Req. for Hearing at 4.   However, expert testimony on legal issues or on how the law should be applied to the facts is not helpful to the Court and would be an unnecessary waste of the parties' time and judicial resources.   Fed. R. Evid. 702; Fed. R. Evid 403; *Snap-Drape, Inc. v. Comm'r of Internal Revenue*, 98 F.3d 194, 198 (5th Cir.

1996)(noting that even with Federal Rule of Evidence 704(a) expert opinion rendering conclusions of law is properly excluded at the court's discretion).

Nothing in the AEDPA requires this Court to hold an evidentiary hearing upon the mere request of a habeas applicant. The Court finds that it will be able to address Carpenter's argument that the state court misapplied constitutional authority in considering the admissibility of eyewitness Ms. Rainey's identification of Carpenter without the assistance of experts. Moreover, the state habeas court already considered and rejected the testimony of the only purported expert identified by Carpenter in his writ–Mr. Pendergraff–and those findings remain presumptively correct. Thus, Carpenter's request for a hearing to provide expert testimony on eyewitness identification, including testimony which was not presented to the state court, is denied.

(2)    Evidentiary Hearing on Alleged Smith Recantation

Carpenter also argues that he should be afforded an evidentiary hearing, so the federal court can weigh the credibility of the affiants from whom the state habeas court received and considered affidavits regarding Ms. Evrin Smith's role in the Henin murder. More precisely, in one of his state habeas applications, Carpenter produced the affidavits of two individuals - Ms. Debra Lebourney and Ms. Dana Chamberlain - who were former inmates with co-defendant Evrin Smith (who paid Carpenter to commit the murder). The two former inmates' attested that Smith admitted to them that she, not Carpenter, committed the murder. The State responded to the Lebourney and Chamberlain affidavits with, *inter alia*, an affidavit from Ms. Smith purporting to rebut the former inmates' statements as well as an affidavit from Mr. Adrian Cook attesting to Ms. Smith's whereabouts on the day of the murder. Carpenter subsequently, during

the same state habeas proceedings, requested authorization for an investigator, time for additional discovery, and an evidentiary hearing to determine the credibility of the affiants of the statements submitted by him and the State. The State responded with its own affidavit from Ms. Chamberlain purporting to refute her earlier statement submitted by Carpenter.

In July 2006, the state habeas court adopted the State's Proposed Findings and Conclusions verbatim (Nos. 1-94), which included an evaluation of the Smith, Lebourney, Cook, and both Chamberlain affidavits. Days later, however, the state court allowed Carpenter additional time to file more proposed findings and additional affidavits. Carpenter objected to the court's July 2006 findings and conclusions and submitted affidavits of two other former inmates of Ms. Smith-- Ms. Debra Sue Curry and Ms. Athena Burdick -- which he believes support his innocence. The state responded to the Curry and Burdick affidavits with, *inter alia,* a contradictory affidavit from Mr. Wayne Huff. In October 2006, the state court accepted the State's Supplemental Proposed Findings and Conclusions (Nos. 95-179) verbatim, which included evaluations of the Curry, Burdick, and Huff affidavits, recommended denial of Carpenter's writ, and denied Carpenter's request for an evidentiary hearing. In March 2007, the Texas Court of Criminal Appeals adopted the lower state court's Findings and Conclusions Nos. 1-123 and 138-179 and denied Carpenter's writ.

In sum, during the state habeas proceeding, contradictory affidavits were submitted regarding Carpenter's culpability and were considered by the state court. Carpenter seeks a hearing so this Court can order the various affiants–co-defendant Ms. Smith, Ms. Lebourney, Ms. Chamberlain, Mr. Cook, Ms. Burdick, Ms. Curry, and Mr. Huff–to appear for live testimony in order for this Court to evaluate their credibility.

Carpenter asserts that the state court's findings concerning the affidavit testimony and credibility of Ms. Smith, Ms. Lebourney, Ms. Chamberlain, Ms. Curry, Ms. Burdick, Mr. Cook, and Mr. Huff are inherently unreasonable, because the court did not hold a hearing and made its determinations based solely on the papers submitted by the parties.  Pet. Req. for Hearing at 12. Carpenter entirely ignores, and does not address, 28 U.S.C. § 2254(e)(1), which provides that state court findings are entitled to deference absent clear and convincing proof to the contrary. Carpenter's unsupported assertion of the state court's determination as inherently unreasonable is contrary to the well-settled law of this Circuit.  Carpenter fails to recognize the binding authority of *Valdez* and its progeny—cases in which the Fifth Circuit has clearly reached exactly the opposite conclusion.  *Valdez*, 274 F.3d at 951.  The state court's determinations are presumed correct, regardless of the type of hearing conducted by that court.  *Id.*  Carpenter also overlooks the *Morrow* case, 367 F.3d at 315, in which the Fifth Circuit expressly rejected an argument identical to Carpenter's in holding that deference was required even when the state court did not hold a hearing and the habeas judge was different than the trial judge.

In support of his argument, Carpenter relies on *Guy v. Cockrell*, 343 F.3d 348 (5th Cir. 2003), for the proposition that a live hearing is necessary to resolve genuine issues of material fact.  *Guy* is inapplicable.  In *Guy*, the state court had not entered findings on the issues on which the competing affidavits were presented.  *Id.* at 354.  Thus, *Valdez* and 28 U.S.C. §2254(e) did not apply and were not discussed by the Court.  In *Guy*, the parties had agreed to litigate certain habeas claims in the federal court in the first instance.  Carpenter is not in that unusual circumstance.  Indeed, it is precisely the state court's act of entering findings to which Carpenter objects.  Given the clear authority in the Fifth Circuit concerning the nature of the hearing that

must be afforded to a petitioner by a state habeas court, the Court finds nothing inherently unreasonable about the state court's entry of findings after only a paper hearing.

Moreover, the Court must consider the deferential standards of section 2254 in determining whether to hold an evidentiary hearing. *Schriro*, 127 S. Ct. at 1940. Carpenter cannot frame his argument in terms of 28 U.S.C. §2254(d) to try to escape the applicability of *Valdez* and 28 U.S.C. §2254(e)(1). Section (d)(2) must be read in conjunction with section (e)(1), as both sections address factual determinations by the state habeas court. While section (d)(2) provides that a writ should be granted if the state court's adjudication of the claim, "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence," section (e)(1) provides that the determination of the facts is presumed to be correct. Thus, in order to show that there was an unreasonable determination of the facts in this case, Carpenter must necessarily rebut the presumption of correctness under section (e)(1) by clear and convincing evidence.

Carpenter has not presented sufficient evidence to rebut the presumption of correctness afforded the state court findings. Carpenter's only evidence that the state court findings are incorrect is his own evaluation of the credibility of the affiants. Carpenter made the same credibility arguments to the state habeas court and that court entered findings concerning the topics addressed in the affidavits submitted by both Carpenter and the State. Carpenter effectively asks this Court to hold a hearing in the hope that upon hearing from live witnesses, this Court will agree with his assessment of their credibility and will then substitute its assessment for the determination already made by the state habeas court. That is not the proper role of the federal court. *See, e.g.*, *Summers v. Dretke*, 431 F.3d 861, 871-872 (5th Cir. 2005). In

*Summers*, the Fifth Circuit rejected a similar argument from a petitioner who argued that the federal court should reevaluate an affidavit he presented to the state habeas court from an informant who was recanting his trial testimony. *Id.* at 871. The Fifth Circuit found that the state court had made express findings essentially rejecting that affidavit and that with no other support "this court is in no position to disturb the factual findings of a state court." *Id.* Similarly, in this case, the state court made both express findings and implied findings after considering the testimony of each affiant and evaluating the potentially contradictory statements of Ms. Chamberlain, Ms. Lebourney, Ms. Burdick, and Ms. Curry on one hand and Ms. Smith, the second affidavit from Ms. Chamberlain, Mr. Cook, and Mr. Huff on the other hand. All of these findings are entitled to deference from this Court. *Pippin*, 434 F.3d at 788. Carpenter's disagreement with the state court's assessment of this arguably contradictory evidence is not clear and convincing proof that those findings are incorrect. As such, the Court finds an evidentiary hearing unwarranted at this time.

## CONCLUSION

For the reasons stated above, Petitioner Carpenter's Request for an evidentiary hearing in association with his application for writ of habeas corpus is denied.

**SO ORDERED.**

Dated: September 30, 2008

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE