IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER | § § § | |
| Petitioner-Appellant, | § § | |
| V. | § § | NO. 3:02-CV-1145-B-AH |
| RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE, CORRECTIONAL INSTITUTIONS DIVISION | § § § § § § § | |
| Respondent-Appellee | § § | |

**MOTION TO STAY PROCEEDINGS
AND HOLD THEM IN ABEYANCE**

TO THE HONORABLE JUDGE OF SAID COURT:

Petitioner David Carpenter asks this Court to stay the proceedings in this case and hold them in abeyance so that he may pursue unexhausted claims in State court. The Texas Court of Criminal Appeals made this procedural option viable. *See Ex parte Soffar*, No. 29980-02, 2004 WL 245190 (Tex. Crim. App. Feb. 11, 2004). Because of the discovery of newly available evidence, an affidavit from the prosecution's key witness at trial, Mandee McBay (Cloud), in which she discloses an agreement reached with the State to not pursue the death penalty against Carpenter and to not take away her children in exchange for her testimony, counsel has developed a new– but unexhausted – *Brady* claim. Further, by virtue of the same affidavit, and additional psychological testing on Mandee McBay (Cloud), counsel has developed another new and unexhausted claim, to wit: that

1

Mandee McBay (Cloud) was suffering from previously undisclosed mental health issues that cast the validity of her observations and recollections into such doubt that a conviction based in significant part on her testimony constitutes violations of the Due Process Clause and the Prohibition against Cruel and Unusual Punishment. According to her affidavit and her disclosures to a psychiatrist, on the day of the murder Mandee was pregnant with her and Carpenter's first child. Consequently, Mandee was not taking any medication to treat her depression nor was she using any drugs. This lead to her being depressed and having mood swings. Further, Mandee stated that when she was not on her medications, such as on the day in question, she would experience auditory hallucinations. Counsel have concluded that the *Soffar* decision now provides them with the means to exhaust this claim, and others, by filing a subsequent application for writ of habeas corpus in the Court of Criminal Appeals. Mr. Carpenter seeks this Court's assistance in avoiding potential problems associated with AEDPA's one-year statute of limitations upon his return to federal court. For this reason, he asks this Court to stay these proceedings and hold them in abeyance while he returns to State court within a reasonable time to raise his unexhausted claims.

Neither the legal basis nor the facts in support of Mr. Carpenter's new claims have ever been presented to the State courts. Prior to June 19, 2009, Mandee McBay (Cloud) refused to speak to defense investigators. Mr. Carpenter filed previous applications in 2003, 2006, and 2007. However, the statements of Mandee Cloud, and the psychological examinations of her, were not disclosed to the defense until June 19, 2009. The legal basis for his current claim was clearly "unavailable" at the time he filed his previous applications. Accordingly, Mr. Carpenter meets the subsequent application requirements of Article 11.071. *See* TEX. CODE CRIM. PROC., art. 11.071 § 5(d) ("a legal basis of a claim is unavailable . . . if the legal basis was not recognized by or could not have been

reasonably formulated from a final decision of the United States Supreme Court, a court of appeals of the United States, or a court of appellate jurisdiction of this state when applicant filed his previous application for post-conviction relief]").

Since trial, McBay has refused to speak to Carpenter's counsel, partially in fear of losing her children. The undersigned attorney has hired a series of investigators since being appointed on the case in 2003. As set out in the attached affidavit, those investigators made contact with Mandee McBay Cloud, but she declined interview requests and refused to provide an affidavit until 2009. Specifically, at the time Carpenter's previous subsequent writ applications were filed in 2007, investigators made an effort to interview McBay Cloud, and she refused. McBay Cloud's affidavit, which is also attached hereto, specifically states that she refused to cooperate with investigators until a change of heart in 2009. At that time, as part of her willingness to speak, McBay Cloud agreed to undergo psychological testing. Under the circumstances, Carpenter has exercised due diligence in obtaining this information, but it was unavailable to him until 2009. Therefore, her affidavit, and the psychological tests performed on her, constitute newly discovered evidence.

ACCORDINGLY, Mr. Carpenter asks this Court to stay the proceedings in his case and hold them in abeyance so that he may exhaust State court remedies on his ineffective assistance of counsel claim and any other unexhausted claims. If the Court should grant this motion, he asks the Court to grant him 30 days in which to prepare and file his subsequent application for writ of habeas corpus in the Texas Court of Criminal Appeals.

Respectfully submitted,

BRUCE ANTON
State Bar of Texas No. 01274700

Sorrels Udashen & Anton
2301 Cedar Springs Road, Suite 400
Dallas, Texas 75201
214/468-8100
214/468-8104 (fax)

ATTORNEY FOR PETITIONER

## CERTIFICATE OF CONFERENCE

I hereby affirm that I spoke with Leslie K. Kuyekendall, Assistant Attorney General for the State of Texas, on December 28, 2009, and she is opposed to the granting of this motion.

Bruce Anton

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above entitled motion to stay proceedings was mailed to Leslie K. Kuykendall, Assistant Attorney General, P.O. Box 12548, Austin, Texas, on this the 29th day of December 2009.

BRUCE ANTON