IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER, § | | |
| *PETITIONER,* § | | |
| § | | |
| V. § | No. 3:02-CV-1145-B (BK) | |
| § | | |
| RICK THALER, Director, § | (Death Penalty Case) | |
| Texas Department of Criminal Justice § | | |
| Correctional Institutions Division, § | | |
| *RESPONDENT.* § | | |

## FINDINGS AND RECOMMENDATION TO STAY PROCEEDINGS

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. For the reasons set out below, Petitioner's renewed motion for stay and abatement of these proceedings should be granted with respect to one of his claims.

## PARTIES AND ACTION

This is a habeas corpus action filed by a state inmate pursuant to 28 U.S.C. § 2254. Petitioner David Lynn Carpenter ("Petitioner") is a death-row inmate incarcerated within the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID). Respondent Rick Thaler ("Respondent") is the Director of TDCJ-CID.

## HISTORY

This case began with the murder of Nelda Henin on August 28, 1991. The investigation went without leads for six years until an anonymous tip prompted law enforcement contact with Mandee McBay (later Mandee McBay Cloud), the witness at the center of the current motion.

The investigation then focused on Petitioner. On March 23, 1999, Petitioner was convicted of capital murder and sentenced to death. His conviction and sentence were affirmed by the Texas Court of Criminal Appeals ("CCA") on October 24, 2001, and the petition for writ of certiorari was denied on April 1, 2002. *Carpenter v. State*, No. 73,442 (Tex. Crim. App. 2001), *cert. denied*, 535 U.S. 975 (2002). A state petition for writ of habeas corpus was denied by the CCA on December 19, 2001.

On June 3, 2002, these proceedings were instituted with the filing of a motion for appointment of counsel and motion to proceed *in forma pauperis*, which were granted on July 30, 2002 (doc. #4). By agreement of the parties, Petitioner filed a skeletal petition of writ of habeas corpus in this Court on March 13, 2003 (doc. #8). Petitioner filed his amended petition on July 14, 2003 (doc. #15). On April 14, 2004, Petitioner filed an agreed motion to stay and abate these proceedings to allow a claim to be exhausted in the state courts, which was granted, and these proceedings were stayed on April 15, 2004 (doc. #39).

Following a three-year abatement for further proceedings in state court, this cause of action was reopened by order of this Court on April 2, 2007, setting forth the schedule for further proceedings (doc. #47). On June 19, 2009, Mandee McBay Cloud provided an affidavit claiming to have just broken her long-standing refusal to cooperate with Petitioner's legal team or speak to any investigator associated with Petitioner's counsel. (Cloud Affidavit at 1; Deposition of Mandee McBay Cloud, hereinafter "Deposition," at 21-26, 34-35). She later submitted to a psychological examination in connection with Petitioner's second motion to stay and abate these proceedings, which was filed on December 29, 2009 (doc. #65). (Deposition at 42-81.) On March 22, 2010, this Court denied Petitioner's Second Motion to Stay and Abate Proceedings

without prejudice so that the evidentiary basis for such abatement could be further developed in this Court to avoid any unnecessary delay (doc. #82).

Following further evidentiary development, on July 19, 2010, Petitioner filed a pleading entitled "Petitioner's Supplement to Rebuttal to Respondent's Response in Opposition to Petitioner's Second Motion to Stay Proceedings and Hold them in Abeyance," which this Court construes as his renewed motion to stay these proceedings and hold them in abeyance ("Renewed Motion," doc. #85). Respondent filed his Response in opposition to this motion under seal on September 2, 2010 ("Response," doc. #86). On September 9, 2010, Petitioner tendered a pleading entitled "Petitioner's Objections to Respondent's Additional Affidavits and Request for Further Discovery and Depositions" under seal, which this Court will treat as Petitioner's rebuttal with objections to the supplemental materials tendered by Respondent ("Rebuttal with Objections," doc. #88).

## NEW CLAIMS

Petitioner requests that this Court stay and abate these habeas-corpus proceedings so that he may return to the state court to present newly-discovered and unexhausted claims pertaining to state's witness Mandee McBay Cloud in the following areas: (1) that the prosecution failed to disclose an agreement to not seek the death penalty in exchange for her testimony, in violation of *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963); (2) that the prosecution failed to disclose evidence of the witness' mental condition and medication in violation of *Brady*; and (3) a due process claim arising from the prosecution's use of a witness who was incompetent to testify. (Renewed Motion at 1.)

**STANDARD**

In *Rhines v. Weber*, 544 U.S. 269, 278 (2005), the Supreme Court held that a district court should stay habeas proceedings on unexhausted claims so that the habeas petitioner may return to state court to exhaust such claims when "the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the petitioner shows that his "unexhausted claims are potentially meritorious," and there is otherwise "no indication that the petitioner engaged in intentionally dilatory litigation tactics.

**ANALYSIS**

This Court has previously found that evidence regarding Petitioner's *Brady* and due process claims related to Cloud's testimony "was not available to Petitioner prior to Cloud's decision to cooperate in 2009, and good cause exists for Petitioner's failure to exhaust." (Order at 6, doc. #82.) The Court also found that no showing had been made that Petitioner had engaged in intentionally dilatory litigation tactics. (*Id.* at 7.) Nothing in the additional pleadings and evidence submitted is sufficient to undermine these prior findings, and the authorization for additional evidentiary development was designed to avoid an unnecessary delay that would result from an abatement to exhaust a plainly meritless claim. Further evidentiary development indicates that one of the three claims raised in the Renewed Motion is potentially meritorious: that the prosecution withheld evidence of a witness' severe mental problems and current medication in violation of *Brady*.

"A successful *Brady* claim has three elements: '[t]he evidence at issue must be favorable to the accused, either because it is exculpatory, or because it is impeaching; that evidence must

have been suppressed by the State, either willfully or inadvertently; and prejudice must have ensued.'" *Rocha v. Thaler*, __ F.3d __, 2010 WL 3516466 at *2 (5th Cir. September 9, 2010) (quoting *Strickler v. Greene*, 527 U.S. 263 (1999)). Genuine fact issues exist regarding each of these three elements.

Mandee McBay Cloud claims that she told a prosecutor prior to the trial that she had mental problems and was taking Zoloft (a psychotropic medication); and further claims that she expected this disclosure to be so serious that, in light of her obvious anxiety, it would prevent her from being used as a witness at the trial. (Deposition at 15-17, 31-32, 87-88.) She also indicated that her psychiatric medications affected her memory (Deposition at 12-13) and that they make her memory worse. (Deposition at 83-84.) She related specific instances within the time frame of the trial when her children and her mother informed her that she was having problems with her memory. (Deposition at 12-13, 83-84.)

Evidence of a witness' mental disorders that affect her ability to testify, that the witness is taking psychotropic medication during the time of her testimony, and/or that medication could affect the witness' ability to remember and accurately relate the events made the subject of her testimony could very well be impeaching. "It is just as reasonable that a jury be informed of a witness's mental incapacity at a time about which he proposes to testify as it would be for the jury to know that he then suffered an impairment of sight or hearing. It all goes to the ability to comprehend, know, and correctly relate the truth." *United States v. Partin*, 493 F.2d 750, 762 (5th Cir. 1974) (concluding that the defendant "had the right to attempt to challenge [the witness'] credibility with competent or relevant evidence of any mental defect or treatment at a time probatively related to the time period about which he was attempting to testify.").

5

Petitioner's expert has opined that McBay Cloud's mental condition so seriously affected her ability to testify at the trial that in the expert's opinion the witness was incompetent. (Marshall Affidavit at 9-10.) Respondent points out that the standard for competency to testify is so low that the witness would likely have met that standard. (Response at 14-15.) However, even if the evidence was insufficient to show incompetence to testify, it may still have been admissible to impeach the witness. *See, e.g., Smith v. State*, 490 S.W.2d 902, 907 (Tex. Civ. App.--Corpus Christi 1972, writ ref'd) (discussing the distinction between competency and credibility and the roles of the judge and jury in Texas courts); *East v. Scott*, 55 F.3d 996 (5th Cir. 1995) (vacating and remanding *Brady* claim for further evidentiary development including evidence of witness' mental illness). The evidence before this Court also confirms that the prosecutors did not disclose this evidence to the defense, as they deny any knowledge of it. (Judin Affidavit at 2.)

The allegations before this Court, if true, would establish a right to habeas relief on a *Brady* claim for failure to disclose evidence that a critical witness was suffering from severe mental problems and was under the influence of psychotropic medication (i.e. Zoloft) during the trial. This may have affected her ability to testify and could, therefore, have been impeaching. While the proof is controverted, it does not show the claim to be plainly meritless. Therefore, a stay and abatement of these proceedings should be granted to allow Petitioner an opportunity to present this claim to the state courts.

### RECOMMENDATION

The Renewed Motion to Stay and Abate these proceedings (doc. #85) should be **GRANTED IN PART** to allow Petitioner to exhaust his *Brady* claim for failure to disclose evidence that Mandee McBay Cloud was suffering from severe mental problems and was under

6

the influence of psychotropic medication (i.e. Zoloft) during the trial. Petitioner's objection to the consideration of Respondent's affidavit and Petitioner's request for further evidentiary development in this Court (doc. #88) should be **DENIED**.

SIGNED September 23, 2010.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

**A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.** *See* **28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Ass'n***, 79 F.3d 1415, 1417 (5th Cir. 1996).**

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE