UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:02-CV-1145-B |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

### ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE, AND GRANTING STAY AND ABATEMENT OF FEDERAL PROCEEDINGS

The United States Magistrate Judge made findings and a recommendation to grant a stay and abatement of these proceedings in order to allow the petitioner to exhaust his claim that the prosecution failed to disclose evidence that Mandee McBay Cloud was suffering from severe mental problems and was under the influence of psychotropic medication (i.e. Zoloft) during the trial in this case in violation of *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963). Respondent has filed objections, and the District Court has made a de novo review of those portions of the proposed findings and recommendation to which objection was made. For the reasons set out below, the objections are overruled.

### *OBJECTIONS*

Respondent asserts that the claim upon which a stay and abatement is recommended does not meet the standard set forth in *Rhines v. Weber*, 544 U.S. 269, 278 (2005). First, he contends that good cause for not raising this sooner has not been shown because it could have been raised in his

earlier state proceedings through the exercise of reasonable diligence.[1] (Objections at 5-9.)  He also raises this as an element of the state procedural bar to the consideration of this claim in a subsequent state habeas petition.  (Objections at 10-12.)  However, a suppression of evidence under *Brady v. Maryland*, 373 U.S. 83, 86-87 (1963), that prevented a criminal defendant or state prisoner from learning of potentially impeaching evidence would meet this portion of the *Rhines* test, and presumably the state procedures as well.  *See, e.g., Hudson v. Whitley*, 979 F.2d 1058, 1064 (5th Cir.1992) (holding that a *Brady* suppression constituted good cause for not bringing a claim earlier under the test set out in *McCleskey v. Zant*, 499 U.S. 467 (1991).)  Since Respondent does not dispute that the disclosure was not made to the defense and also asserts that the conduct of the witness in question did not otherwise alert them to any mental problems that she had, it seems unreasonable to expect that her demeanor during court proceedings would have alerted the defense to such matters as to require them to be raised in prior proceedings.  Further, since the disclosure of this evidence did not come until the June 2009 affidavit forming the basis of this abatement, it appears that good cause has been shown for not raising this earlier.

Respondent also complains that this claim is plainly meritless.  However, he applies an incorrect standard.  Respondent misreads *Rhines* to require a full adjudication of the merits of this claim, including the credibility of contradicting evidence.  Abatement is required for "potentially meritorious" claims. *See Rhines*, 544 U.S. at 278.  It is for the state courts in the first instance to make

---

[1] Respondent relies upon Petitioner's characterization of the mental problem as rendering this witness incompetent to testify.  However, the Court considers this evidence as merely impeaching. (*See* Report and Recommendation at 6.)

these credibility determinations necessary to a full adjudication, to which this court must then show deference under 28 U.S.C. 2254 (d) and (e).

Respondent complains that the United States Magistrate Judge incorrectly determined that the evidence was potentially impeaching. (Objections at 22-24; Report and Recommendation at 5-6.) Specifically, Respondent argues,

> The information is not impeaching because it is not relevant to McBay's ability to observe the events surrounding Henin's murder **or to testify about them** at Carpenter's trial. *[United States v.] Brumbaugh*, 471 F.2d [1128,] 1129 [(6th Cir. 1973)]. For the same reason, the information is not material; it does not undermine confidence in the verdict because it does not implicate the validity of McBay's observations at the time of the offense **or her ability to recall** and recount those observation (sic) to the jury at Carpenter's trial.

(Objections at 24) (Emphasis added). However, these objections fail to address the specific evidence relied upon by the United States Magistrate Judge indicating that the witness's psychiatric medication affected her memory and that these memory problems existed during the time of the trial. (Report and Recommendation at 5.) Respondent also objects that the claimed *Brady* violation is not material because other witnesses identified Petitioner. (Objections at 24-25.) However, the only other identifying witnesses were the co-conspirator in the murder and an eyewitness who briefly saw someone she did not know driving a car from the scene.[2] Therefore, the pleadings and evidence before this court indicates that this is a potentially meritorious *Brady* claim.

Petitioner's reply contains an alternative objection regarding whether the United States Magistrate Judge denied relief on the other grounds for abatement as averred by the respondent.

---

[2]Respondent also identifies Becky Crisler as someone who corroborated the co-conspirator's testimony. (Objections at 25.) However, a review of Crisler's testimony reveals that any identification of the petitioner as connected with this murder was entirely derived from statements by the co-conspirator.

(Reply to Objections at 1.)  However, in light of the fact that a stay and abatement is properly granted on one claim, it is unnecessary to determine whether a stay and abatement would be necessary on any other ground and the motion to stay on those grounds is rendered moot.  In order to avoid any further delay, the parties are encouraged to fully exhaust any potential issue that may be properly raised in the state courts before returning to this Court.  Should the abatement herein be found to have been improperly granted on the listed ground, then this Court will consider the remaining grounds as well.

## CONCLUSION

The analysis of the United States Magistrate Judge is correct, and these proceedings should be abated in order to allow the petitioner to exhaust this claim in the state court.

The objections are **OVERRULED**, and the Court **ACCEPTS** the Findings and Recommendation of the United States Magistrate Judge.

Petitioner's request to Stay his federal habeas corpus petition is **GRANTED in part**, and these proceedings are hereby **STAYED AND ABATED** under further order of this Court.  The Clerk of Court is directed to **administratively close** this case for statistical purposes.  However, nothing in this order shall be considered a final dismissal or disposition of this case and this case shall be reopened upon proper motion filed in accordance with the provisions of this order.

Petitioner must file an application for postconviction relief on this claim in state court within **thirty (30) days** of the date of this order, and thereafter promptly **notify** this court of the date and identifying information of the state court proceedings so instituted.  Following the exhaustion of state proceedings on this claim, Petitioner must file his application to reopen these proceedings in this Court within **thirty (30) days** of the date of the final state-court order denying relief on this

claim. If relief is granted by the state court on this claim, Respondent must promptly notify this Court and if such grant of relief causes the remaining claims to become moot, then these proceedings shall be dismissed. If Petitioner fails to comply with this order, these proceedings shall be dismissed.

**SO ORDERED.**

DATED October 25, 2010.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE