IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3:02-CV-1145-B-BK |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## FINDINGS AND CONCLUSIONS RECOMMENDING ABATEMENT

Petitioner David Lynn Carpenter has requested that this Court abate these proceedings so that he may exhaust claims of ineffective assistance of trial counsel that were not presented to the state court in the original state habeas proceeding due to the ineffective assistance of state habeas counsel.  In light of the supplemental briefing and recent remand orders by the United States Court of Appeals for the Fifth Circuit, it appears that an abatement of these proceedings is appropriate for that purpose.

I

On June 20 2011, this Court reopened these proceedings and referred this case back to the United States Magistrate Judge (ECF No. 107).  Subsequently, Carpenter filed his amended petition on March 2, 2012 (ECF No. 119), and Respondent filed his answer on May 1, 2013 (ECF Nos. 120-121).

In the meantime, the Supreme Court issued its opinion in *Martinez v. Ryan*, 566 U.S. 1 (2012), creating a new exception to procedural bar.  Subsequently, in *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), the Supreme Court overruled Circuit precedent and held that the exception to

procedural bar created in *Martinez*, applies to substantial ineffective assistance of trial counsel claims presented in the federal habeas review of state convictions and sentences that were not presented to the state courts of Texas due to the ineffective assistance of state habeas counsel.

The Court in *Trevino* also noted that the State of Texas had requested that it be allowed to consider the claims first in the event of a change in decisional law applying the exception.

> Given this holding, Texas submits that its courts should be permitted, in the first instance, to decide the merits of Trevino's ineffective-assistance-of-trial-counsel claim. Brief for Respondent 58–60. We leave that matter to be determined on remand. Likewise, we do not decide here whether Trevino's claim of ineffective assistance of trial counsel is substantial or whether Trevino's initial state habeas attorney was ineffective.

*Id*., 133 S.Ct. at 1921.

On remand, the United States Court of Appeals for the Fifth Circuit authorized the district court to abate the proceedings to permit exhaustion of the claims.

> In light of the Supreme Court's decision in *Trevino v. Thaler*, 133 S. Ct. 1911 (2013), we remand to the district court for full reconsideration of the Petitioner's ineffective assistance of counsel claim in accordance with both *Trevino* and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). If the Petitioner requests it, the district court may in its discretion stay the federal proceeding and permit the Petitioner to present his claim in state court.

*Trevino v. Stephens*, No. 10-70004, ___ F.3d ____ (5th Cir. Jan. 21, 2014); see also *Rayford v. Stephens*, No. 12–70004, ___ Fed. App'x ____, 2014 WL 212594 (5th Cir. Jan. 21, 2014) (remanding a similar case using the same language). In *Trevino* the district court had previously granted an abatement to exhaust the same claims, *see Trevino v. Dretke*, No. 5:01-CV-306-XR (W.D. Tex. June 15, 2004), and the state court dismissed that subsequent state habeas application as procedurally barred without reaching the merits of those claims. *See Ex parte Trevino*, WR-48153-02, 2005 WL 3119064 (Tex. Crim. App. Nov. 23, 2005).

II

Carpenter has presented claims of ineffective assistance of trial counsel that he states were not presented to the state courts in the initial collateral review proceedings, and are subject to a procedural bar, because of the ineffectiveness of his original state habeas counsel. Carpenter claims that trial counsel was ineffective in failing to investigate and present (1) evidence that Matthew Tolbert actually murdered the victim (Am. Pet., ECF No. 119, at 165-67), (2) evidence that the eyewitness identification procedure used to inculpate Carpenter was impermissibly suggestive (Am. Pet. at 150-56, 162-65), (3) evidence that was mitigating and that Carpenter posed no future danger (Am. Pet. at 183-88), and (4) evidence that Mandee McBay/Cloud was his common law wife and thus privileged from testifying at the trial (Am. Pet. at 156-62). Carpenter also asserts that these claims were not presented to the state court because his counsel in the initial state habeas proceedings was ineffective (Am. Pet. at 188-94). Respondent asserts a procedural bar (Ans. at 148) to all but the first of these claims, that trial counsel failed to investigate and present evidence that a third party committed the murder. Respondent, however, asserts a procedural bar to the underlying claim—that he was deprived of his right to present evidence that a third party committed the murder—on the ground that it was not exhausted and is now procedurally barred. (Ans. at 36-48.)

In his supplemental briefing, Respondent argues that none of Carpenter's procedurally defaulted claims fall within the *Martinez* exception because Carpenter has not proven that they do. (Resp. Supp. Br., ECF No. 132, at 11-12.) Respondent also asserts that this Court is precluded from conducting any hearing or allowing any further evidentiary development on any claims that would come within the exception to procedural bar created in *Martinez,* because of the limitation of section 2254(e)(2). (Resp. Supp. Br. at 22-34.) He argues in the alternative that even if an evidentiary hearing is not barred by section 2254(e)(2), the Court should exercise its

discretion to deny an evidentiary hearing because the record is sufficiently developed to find that these claims do not fall within the *Martinez* exception, or to deny these claims on their merits. (Resp. Supp. Br. at 34-35.)  Finally, Respondent argues that another abatement to allow the state court to consider these claims would be inappropriate under *Rhines v. Weber*, 544 U.S. 269 (2005), particularly in light of the multiple stays previously granted and the fact that the state court has not yet recognized a similar exception to its abuse-of-the-writ rule.  (Resp. Supp. Br. at 35-45.)

In Carpenter's supplemental briefing, he argues that all four of these claims fall within the exception to procedural bar created in *Martinez*.  (Pet. Supp. Br., ECF No. 131, at 1, 7-15.) Carpenter contends that he should be allowed to develop his claims in federal court and that the limitation of section 2254(e)(2) does not apply because he did not fail to develop the factual basis in state court, and the reasoning of *Martinez* saves Carpenter from state habeas counsel's failings when such counsel is ineffective. (Pet. Supp. Br. at 9-10, 15.)  Carpenter also requests that this Court withhold a determination of whether an abatement for exhaustion is warranted until the Fifth Circuit has decided the issue on remand in *Trevino*, and urges this Court to grant another abatement for the exhaustion of the ineffective-assistance-of-counsel claims.  (Pet. Supp. Br. at 1, 15-19.)

### III

Under the AEDPA, the evidentiary development of claims presented in proceedings under 28 U.S.C. § 2254 should occur in the state courts.[1]  This is consistent with the exhaustion

---

[1] Construing 28 U.S.C. § 2254(e)(2), the Supreme Court explained,

> Principles of exhaustion are premised upon recognition by Congress and the Court that state judiciaries have the duty and competence to vindicate rights secured by the Constitution in state criminal proceedings. Diligence will require

requirement, the deference to findings of the state courts, and the recognition of independent and adequate state grounds to bar federal habeas review. Claims that were not presented to the state courts and would now be procedurally barred by the state abuse-of-the-writ rule, codified in art. 11.071 § 5 of the Texas Code of Criminal Procedure, will not be considered by this Court unless coming within an exception to the procedural bar. When "it is not entirely clear that Texas' subsequent-application bar would prohibit consideration of the [habeas petitioner's] claim, Texas courts should make that determination." *Wilder v. Cockrell*, 274 F.3d 255, 262-63 (5th Cir. 2001).

In *Ex parte McCarthy*, No. WR-50,360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013), the CCA denied authorization to proceed with a subsequent habeas application, but half of the participating judges indicated a willingness to reconsider the court's interpretation of the state law providing for the assistance of habeas counsel in *Ex parte Graves*, 70 S.W.3d 103 (Tex. Crim. App. 2002), as a possible exception to its abuse-of-the-writ rule similar to the exception created in *Martinez v. Ryan* in an "appropriate" case. It is not entirely clear what the CCA will consider an appropriate case, or whether it would include circumstances such as those presented in the instant case. It is for the state court to make that initial determination.

Carpenter has requested an abatement of these proceedings so that he may exhaust any available state court remedies regarding his claims of ineffective assistance of trial counsel that

---

> in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law. "Comity . . . dictates that when a prisoner alleges that his continued confinement for a state court conviction violates federal law, the state courts should have the first opportunity to review this claim and provide any necessary relief."

*Williams v. Taylor*, 529 U.S. 420, 436-37 (2000) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999)).

were not presented in the original state habeas proceedings due to the ineffective assistance of state habeas counsel, in accordance with the exception to procedural bar set forth in *Martinez v. Ryan*. The elements set forth in *Rhines v. Weber*, 544 U.S. 269, 278 (2005), for granting an abatement for exhaustion appear to coincide with the elements of the *Martinez* exception. "Good cause" for failing to exhaust claims in state court under *Rhines* would appear to be established when "cause" under *Martinez* -- that state habeas counsel was ineffective -- exists. Similarly, "potential merit" under *Rhines* appears to correlate with "substantiality" under *Martinez*, which is measured under the standard for granting certificates of appealability. *See Martinez*, 132 S. Ct. at 1318-19 (citing *Miller–El v. Cockrell*, 537 U.S. 322 (2003)). In light of the published remand order in *Trevino v. Stephens*, it appears that Carpenter's request is appropriate.

IV

For the reasons set forth above, these proceedings should be stayed to allow Carpenter to present his claims of ineffective assistance of trial counsel to the state court. In accordance with *Rhines*, appropriate time limits should be placed on Carpenter to file these claims in state court and, if relief is not granted, to return to this court to reopen these proceedings after exhaustion.

**IT IS SO RECOMMENDED** this 5th day of February, 2014.

---

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE