UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID LYNN CARPENTER, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO.: |
| | § | 3:02-CV-1145-B |
| WILLIAM STEPHENS, Director | § | |
| Texas Department of Criminal Justice, | § | (Death Penalty Case) |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

## ORDER OVERRULING OBJECTION AND ACCEPTING RECOMMENDATION

On February 19, 2014, Respondent filed his objection (Obj., doc. 135) to the findings and conclusions of the United States Magistrate Judge recommending a stay of these proceedings (Rec., doc. 133). For the reasons set out below, the Court **OVERRULES** the objection and **ACCEPTS** the recommendation to stay these proceedings.

### I.

### PROCEDURAL HISTORY

On July 30, 2002, counsel was appointed counsel to represent Petitioner in this case. Order, doc. 4. On April 15, 2004, an unopposed stay and abatement was granted for Petitioner to exhaust claims in state court. Order, doc. 39. These proceedings were reopened by agreed motion on March 12, 2007, and subsequently stayed on October 25, 2010 to exhaust another new claim that had been discovered during these proceedings. Order, doc. 94. On April 6, 2011, co-counsel was appointed to assist lead counsel in this case. Order, doc. 103.

On June 20, 2011, this Court reopened these proceedings and referred the case to the United States Magistrate Judge for a report and recommendation. Order, doc. 107. Carpenter filed his amended petition on March 2, 2012 (doc. 119), and Respondent filed his answer on May 1, 2013 (doc. 120-121). By that time, the Supreme Court issued its opinion in *Martinez v. Ryan*, 566 U.S. 1 (2012), which created a new exception to procedural bar, and followed that with *Trevino v. Thaler*, 133 S.Ct. 1911 (2013), which overruled Fifth Circuit precedent and applied the new exception to Texas cases. The Magistrate Judge instructed both parties to brief the impact of *Martinez* and *Trevino* on this case. Order, doc. 128. In his supplemental briefing, Carpenter requested that these proceedings be "remanded" to the state court, which this Court interprets to request a stay of these proceedings to allow exhaustion and, if necessary, to fully consider his claims with evidence developed in federal court. P's Supp. Br., doc. 131. Responded opposes the stay and any evidentiary development in this Court as well. R's Supp. Br., doc. 132.

Based on the supplemental briefing of the parties on the impact of *Martinez* and *Trevino*, and recent remand orders of the United States Court of Appeals for the Fifth Circuit, the Magistrate Judge recommended a stay and abatement of these proceedings to allow Carpenter to present his unexhausted claims of ineffective assistance of trial counsel to the state courts, with appropriate time limits placed on Carpenter to file these claims in state court and, if relief is not granted, to return to this court to reopen these proceedings after exhaustion. Rec., 1-2, 5-6.

## II.

## OBJECTION

Respondent objects that the recommended stay would further delay these already lengthy proceedings, that state law clearly bars consideration of the merits of these claims in subsequent state

habeas proceedings, and that a stay to exhaust these unexhausted and procedurally barred claims would be contrary to *Rhines v. Weber*, 544 U.S. 269 (2005), and the purposes of the AEDPA. Carpenter has filed a reply to Respondent's objections and argues in favor of the Recommendation.

## III.

## ANALYSIS

The impact of *Martinez v. Ryan* and *Trevino v. Thaler* on federal habeas proceedings is far reaching and largely unsettled. Respondent complains that the ineffective assistance of counsel claims at issue are unexhausted and subject to a procedural bar. This is precisely the category of claims, however, that may come within the exception to procedural bar created in *Martinez*. Further, excepted claims may require a de novo consideration and evidentiary development that could otherwise run contrary to principles and requirements of the AEDPA.

*Martinez* also disturbs the reasonable reliance of the state courts on the federal court's deference to state procedural rulings. As the TDCJ-ID Director argued to the Supreme Court in *Trevino v. Thaler*, if the Supreme Court "changes the rules now, equity demands at a minimum that the CCA have an opportunity to reevaluate its procedural ruling and adjudicate Trevino's *Wiggins* claim on the merits." Brief for Thaler at 58-59, 133 S.Ct. 1911 (2013). This is precisely what the concurring and dissenting opinions in *Ex parte McCarthy*, No. WR-50,360-04, 2013 WL 3283148 (Tex. Crim. App. June 24, 2013), appear to have addressed.

Respondent criticizes the Magistrate Judge's discussion of the multiple opinions in *Ex parte McCarthy*, arguing instead that the position of the Texas Court of Criminal Appeals ("CCA") is "abundantly clear: there is no exception to Texas Code of Criminal Procedure Article 11.071, Section 5 for an allegation of ineffective assistance of state habeas counsel." Obj., 3 (citing *Ex parte*

*Graves,* 70 S.W.3d 103, 113–18 (Tex. Crim. App. 2002) and *Ex parte McCarthy*). Respondent quotes extensively from the only CCA judge that expressed the opinion that she would never recognize an exception to the state abuse-of-the-writ rule corresponding with *Martinez*. Obj., 3-4 (quoting from concurring opinion of Cochran, J.). Respondent's briefing, however, ignores the opinions of the four judges discussed in the Recommendation, two of which were also part of the Majority that voted to deny relief to McCarthy.[1] These pronouncements underscore the impact of the Supreme Court opinions in *Martinez* and *Trevino*, and raise questions that have not been settled.

Respondent asserts that "this Court's 'task is to rule on what the law is, not what it might eventually be.'" Obj., 4 (quoting *Garcia v. Texas*, 131 S. Ct. 2866, 2867 (2011)). Respondent fails to note, however, that the Supreme Court in *Garcia* was discussing unenacted federal legislation. It is not the task of this Court to resolve questions of state law, such as the state court's judicial interpretation of the meaning and import of state statutory terms, particularly when state court opinions signal unresolved questions. *See Engle v. Isaac*, 456 U.S. 107, 110, 119 (1982) (Federal courts in post-conviction habeas-corpus proceedings do not sit to review questions of state law); *Johnson v. Cain*, 215 F.3d 489, 494 (5th Cir. 2000) ("federal courts do not sit to review questions of state law"); *Dickerson v. Guste*, 932 F.2d 1142, 1145 (5th Cir. 1991) ("We will not review a state court's interpretation of its own law in a federal habeas corpus proceeding.") Instead, "comity and judicial economy make it appropriate to insist on complete exhaustion where 'unresolved questions

---

[1]In his reply to Respondent's objection, Carpenter argues that there was a "50/50 split" on this issue in *McCarthy*. Reply, doc. 137 at 3. This is not accurate. Only one of the participating judges in *McCarthy* indicated a categorical opposition. Four judges indicated a willingness, and the others remained silent. Carpenter's point is correct, however, that the division in the different opinions supports the Magistrate Judge's conclusion.

of fact or of state law might have an important bearing.'" *Horsley v. Johnson*, 197 F.3d 134, 137 (5th Cir. 1999) (quoting *Granberry v. Greer*, 481 U.S. 129, 134-35 (1987)).  Because the CCA has not resolved the questions raised in the multiple opinions issued in *Ex parte McCarthy*, and those questions may control this Court's application of *Martinez,* the recommendation to allow the state court to address them in the first instance is sound.

Respondent also expresses frustration at the prospect of a further delay for exhaustion. While this Court fully sympathizes with the impact on parties affected by any delays occasioned by intervening Supreme Court opinions, it is not free to disregard them or avoid needed actions. Instead, this Court must balance those concerns with the need to properly address controlling issues before an execution is scheduled and any potential harm is increased.  Therefore, Carpenter will be required to follow a strict schedule for filing pleadings to exhaust these claims and for any return to this Court that may be needed.

## IV.

## ORDER

The recommendation of the United States Magistrate Judge is correct, and these proceedings are stayed to allow Carpenter to exhaust claims of ineffective assistance of trial counsel in the state court. Respondent's objection (doc. 135) to the findings and recommendation of the United States Magistrate Judge is **OVERRULED**, the findings and recommendation to stay these proceedings (doc. 133) are **ACCEPTED**, Carpenter's request to stay these proceedings (doc. 131) is **GRANTED**,  and these proceedings are **STAYED** while Carpenter pursues his state habeas remedies in accordance with the Recommendation and this order.

Accordingly, Carpenter is **ORDERED** to file an application for postconviction relief in the state court on these claims within **45 days** of the date of this order, and, unless he obtains the sought relief in state court, to return to this court within **45 days** after he exhausts his state court remedies. If relief is granted by the state court, Respondent must promptly notify this Court and if such grant of relief causes the remaining claims to become moot, then these proceedings shall be dismissed. If Carpenter fails to comply with this order, these proceedings shall be dismissed.

The Clerk of Court is directed to administratively close this case for statistical purposes, but nothing in this order shall be considered a final dismissal or disposition of this case. This case shall be reopened upon proper motion filed in accordance with the provisions of this order.

**IT IS SO ORDERED.**

**DATED March 6, 2014.**

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE