# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **DAVID LYNN CARPENTER,** | § | |
| **Petitioner,** | § | |
| | § | |
| **v.** | § | **No. 3:02-CV-1145-B-BK** |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| **Respondent.** | § | |

## MEMORANDUM OPINION AND ORDER SETTING EVIDENTIARY HEARING

Pursuant to 28 U.S.C. § 636(b) and Special Order No. 3, Petitioner David Lynn Carpenter's section 2254 petition was automatically referred for findings, conclusions, and recommendation.

On April 15, 2004, the Court granted an unopposed motion to stay these proceedings to allow exhaustion of his claim regarding newly discovered evidence that the co-defendant had confessed to the murder and exculpated Carpenter. On October 25, 2010, the Court stayed these proceedings to allow the exhaustion of a claim that he was denied due process when the prosecutor withheld exculpatory evidence at trial. On March 6, 2014, the Court stayed these proceedings in light of *Martinez v. Ryan,* 566 U.S. 1 (2012), and *Trevino v. Thaler,* 133 S.Ct. 1911 (2013), to allow Carpenter to exhaust claims of ineffective assistance of trial counsel in the state court that had not previously been presented due to the alleged ineffective assistance of Carpenter's state habeas counsel. Each time the case was stayed to permit exhaustion, the state court refused to consider the claims, finding them to be procedurally barred by the state abuse-of-the-writ rule. Because of the importance of determining whether certain claims come within an exception to procedural bar, the Court now concludes that an evidentiary hearing is warranted.

**I**

Petitioner David Lynn Carpenter ("Carpenter") was convicted of and sentenced to death in 1999 for the murder for hire of Nelda Henin in Dallas, Texas, on August 28, 1991. He claims that the prosecution failed to disclose evidence that state's witness Mandee McBay Cloud was suffering from severe mental problems and was under the influence of psychotropic medication (i.e. Zoloft) during the trial in violation of *Brady v. Maryland,* 373 U.S. 83, 86-87 (1963). (3rd Am. Pet. at 140-56.) The Court previously determined that this claim was potentially meritorious in that evidence indicated that the witness's psychiatric medication affected her memory and that these memory problems existed during the time of the trial. (Order granting stay, doc. 94, at 3 (citing Report and Recommendation at 5).) The evidence was also material in that identity was a contested issue and the only other identifying witnesses were the co-conspirator in the murder and an eyewitness who briefly saw someone she did not know driving a car from the scene. Since the evidence had been withheld by the prosecution, the Court also found good cause for Carpenter to have not raised it earlier. (Order granting stay at 2.)

Carpenter also presents claims of ineffective assistance of trial counsel that were not presented to the state court in the original state collateral review due to the alleged ineffective assistance of his state habeas counsel. These claims assert that trial counsel provided ineffective assistance in failing to investigate and present (1) evidence that Matthew Tolbert actually murdered the victim (3rd Am. Pet. at 46-55), (2) evidence that the eyewitness identification procedure used to inculpate Carpenter was impermissibly suggestive (3rd Am. Pet. at 77-86), (3) evidence that was mitigating and that Carpenter posed no future danger (3rd Am. Pet. at 171-76), and (4) evidence that Mandee McBay Cloud was his common law wife and thus privileged from testifying at the trial (3rd Am. Pet. at 92-106). The Court previously determined that because it

was "not entirely clear" that Texas' subsequent-application bar would prohibit consideration of these claims, the Texas courts should make that determination in the first instance. (Order Recommending Abatement at 5 (citing *Wilder v. Cockrell,* 274 F.3d 255, 262-63 (5th Cir. 2001)*.*)

## II

Texas law precludes successive habeas claims except in narrow circumstances. *See* TEX. CODE CRIM. PROC. ANN. art. 11.071, § 5 (West 2015). This is a codification of the judicially created Texas abuse-of-the-writ doctrine. *See Barrientes v. Johnson,* 221 F.3d 741, 759 n.10 (5th Cir. 2000). Under this state law, a habeas petitioner is procedurally barred from returning to the Texas courts to exhaust his claims unless the petitioner presents a factual or legal basis for a claim that was previously unavailable or shows that, but for a violation of the United States Constitution, no rational juror would have found for the State. *See id.* at 758 n.9. It is an independent and adequate state law ground to bar federal habeas review. *Hughes v. Quarterman,* 530 F.3d 336, 342 (5th Cir. 2008); *Canales,* 765 F.3d at 566. Therefore, unexhausted claims that fail to meet these state law requirements are procedurally barred from review on the merits in this Court unless an exception is shown. *See Beazley v. Johnson,* 242 F.3d 248, 264 (5th Cir. 2001).

While these proceedings were stayed for exhaustion, the Texas courts found that Carpenter's claims are barred by the Texas abuse-of-the-writ rule and did not reach the merits of his claims. As a result, this Court cannot reach the merits of any claim that Carpenter does not prove comes within a recognized exception to procedural bar. *See Sawyer v. Whitley*, 505 U.S. 333, 338 (1992); *Coleman v. Thompson*, 501 U.S. 722, 729 (1991), *modified by Martinez v. Ryan,* 566 U.S. at 9. However, for any claim that is shown to come within an exception, this

Court must consider the claim *de novo* without deference to the state court adjudication.  *See Miller v. Johnson*, 200 F.3d 274, 281 n.4 (5th Cir.2000) ("Review is de novo when there has been no clear adjudication on the merits." (citing *Nobles v. Johnson*, 127 F.3d 409, 416 (5th Cir.1997))); *Mercadel v. Cain*, 179 F.3d 271, 275 (5th Cir.1999) ("the AEDPA deference scheme outlined in 28 U.S.C. § 2254(d) does not apply" to claims not adjudicated on the merits by the state court); *Woodfox v. Cain*, 609 F.3d 774, 794 (5th Cir. 2010) (the AEDPA deferential standard of review would not apply to a procedural decision of the state court).  Because both the claims Carpenter raises and the cause and prejudice asserted to excuse the procedural bar of such claims depend on the resolution of disputed facts, an evidentiary hearing is warranted.

### III

Even if the limitation to permitting an evidentiary hearing under § 2254(e)(2) applies to the consideration of the merits of a habeas claim, the court nevertheless must make the threshold procedural determination of whether the exception to the procedural bar applies and receive the evidence necessary to make that determination.  *See House v. Bell*, 547 U.S. 518, 537 (2006) (noting that an evidentiary hearing was conducted by the district court on an exception to procedural bar); *Schlup v. Delo*, 513 U.S. 298, 331 (1995) (discussing standards for the district court to determine whether to hold an evidentiary hearing on exception); *Dickens v. Ryan*, 740 F.3d 1302, 1321 (9th Cir. Jan. 23, 2014) (en banc) ("Section 2254(e)(2), however, does not bar a hearing before the district court to allow a petitioner to show 'cause' under *Martinez*.); *Detrich v. Ryan*, 740 F.3d 1237, 1246 (9th Cir. Sept. 3, 2013) (en banc) ("district court should allow discovery and hold an evidentiary hearing where appropriate to determine whether there was 'cause' under *Martinez* for the state-court procedural default and to determine, if the default is excused, whether there has been trial-counsel IAC.").

In *Martinez v. Ryan*, the Supreme Court created a new exception to procedural bar for claims of ineffective assistance of trial counsel.

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320.  Because counsel was appointed to represent him in the state habeas proceedings, Carpenter must show that his habeas counsel was ineffective under the standards of *Strickland v. Washington*, 466 U.S. 668 (1984), in order to come within this new exception. *See Martinez*, 132 S. Ct. at 1318.  Further, Carpenter must also show "that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit."  *Id.* at 1318-19 (citing *Miller–El v. Cockrell*, 537 U.S. 322 (2003) (describing standards for certificates of appealability to issue)).  These standards did not exist when Carpenter filed his original petition for federal habeas relief.  Thus, the Court concludes that Carpenter should be afforded an opportunity to prove that his claim falls within the exception to procedural bar, necessitating an evidentiary hearing.  *See Patterson v. Johnson*, No. 3:99-CV-808-G, 2000 WL 1234661, at *2 (N.D. Tex. Aug. 31, 2000).

## IV

Moreover, while this hearing is set for the purpose of examining the exceptions to procedural bar, the parties should also come prepared to present evidence and argue the merits of the underlying claim.  The evidence required to show cause and prejudice to excuse the procedural bar for the underlying *Brady* claim or that the claim of ineffective assistance of trial counsel is substantial and, therefore, comes within the exception to procedural bar created in *Martinez*, will likely be much of the same evidence needed to prove the merits of the underlying

claim.  To the extent that the same evidence may prove both the exception to procedural bar and that the claim should be granted on its merits, the parties should come to the hearing fully prepared to present that evidence and argue whether the limitation of § 2254(e)(2) would prevent the Court from considering such evidence for that purpose as well, should it become appropriate. *See, e.g., Garcia v. Stephens,* No. 3:06-CV-2185-M, 2014 WL 1494024, at *1 (N.D. Tex. Apr. 15, 2014); *Braziel v. Stephens,* No. 3:09-CV-1591-M, 2014 WL 1494081, at *2 (N.D. Tex. Apr. 15, 2014).

In other words, this hearing should be considered the parties' one and only opportunity to prove or disprove both the exceptions to procedural bar and the merits of each of these claims. Given the age of the case and for reasons of judicial economy, the Court does not intend to schedule a separate hearing on the merits of an underlying claim should it find that the claim falls within the exception to procedural bar.

**V**

The following scheduling order will govern the evidentiary hearing in this case.

1. **<u>Hearing.</u>**  A hearing is set for **9:00 a.m. on September 11, 2017**, before United States Magistrate Judge Renée Harris Toliver, at 1100 Commerce Street, Courtroom 1407, Dallas, Texas, on (1) whether cause and prejudice exist to reach the merits of the claim that the prosecution withheld material exculpatory information regarding the mental problems that Mandee McBay Cloud had been suffering from and the medication that she was taking during the trial in violation of *Brady*, and (2) whether Carpenter has set forth a substantial claim of ineffective assistance of trial counsel, that was not properly presented to the state court because of the ineffective assistance of state habeas counsel.

2. **Evidence.**  The Court expects to hear live testimony from the prosecutor or defense counsel whose conduct is at issue but otherwise encourages the submission of written exhibits in lieu of live testimony.

3. **Disclosures.**  The parties are exempt from the requirement to make initial disclosures under Federal Rule of Civil Procedure 26(a)(1)(A).  The name and contact information for any potential witness, however, shall be disclosed no later than **June 15, 2017**

4. **Discovery.**  No formal discovery under the Federal Rules of Civil Procedure shall be permitted, except as authorized, in advance, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

5. **Expert Disclosures.**[1]

    a.    Petitioner shall provide expert disclosure as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than **June 15, 2017**.

    b.    Respondent shall provide expert disclosure as required by Federal Rule of Civil Procedure 26(a)(2)(B) no later than **June 30, 2017**.

    c.    Objections to the qualifications or competency of experts, sometimes referred to as *Daubert* motions, must be made in a written motion filed no later than **July 17, 2017.**

6. **Petitioner's Presence.**  Unless a waiver of his presence is duly executed and filed with this Court prior to **July 17, 2017**, a writ of habeas corpus ad testificandum will issue for Petitioner to attend the evidentiary hearing in person.  All parties shall cooperate to ensure that such a writ, if issued, is properly carried out.

---

[1]  The undersigned expresses no opinion regarding whether expert testimony will be admitted at the hearing.

7. **Prehearing Statement.** On or before **August 1, 2017**, the parties shall file a joint prehearing statement, which shall:

   a.  Identify counsel who will appear at the hearing;

   b.  Identify any stipulated and uncontested facts;

   c.  Identify the contested issues of fact and law;

   d.  Identify the witnesses to be called at the hearing, including a brief description of their anticipated testimony; and

   e.  Identify the exhibits to be presented at the evidentiary hearing, noting any objection by the party against whom the exhibit is to be offered.

8. **Prehearing Conference.** A prehearing conference is set for **9:00 a.m. on August 31, 2017**, before U.S. Magistrate Judge Renée Harris Toliver, by telephone conference.

9. **Extensions.** Any party seeking to extend any deadline set out in this order must file a motion setting forth good cause before the expiration of the deadline sought to be extended.

   **IT IS SO ORDERED** this 12th day of May, 2017.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE