IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| DAVID LYNN CARPENTER,<br>Petitioner,<br><br>v.<br><br>LORIE DAVIS, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>Respondent. | Civil Case No. 3:02-CV-1145-B-BK |

**MEMORANDUM OPINION AND RECOMMENDATION
TO APPROVE FUNDING**

On August 9, 2017, petitioner David Lynn Carpenter filed a motion for funding expert assistance (Motion, doc. 172). Respondent Lorie Davis takes no position on the motion. (Notice, doc. 176.) Because he has shown a reasonable need, the funding should be granted.

I

Indigent state prisoners under a sentence of death are entitled to the assistance of counsel along with investigative and expert services that are reasonably necessary to present claims in postconviction habeas-corpus proceedings in federal court.

> Upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant, whether in connection with issues relating to guilt or the sentence, the court may authorize the defendant's attorneys to obtain such services on behalf of the defendant and, if so authorized, shall order the payment of fees and expenses therefor under subsection (g).

18 U.S.C. § 3599(f) (West 2008). The denial of funding "has been upheld 'when a petitioner has (a) failed to supplement his funding request with a viable constitutional claim that is not procedurally barred, or (b) when the sought after assistance would only support a meritless claim, or (c) when the sought after assistance would only supplement prior evidence.'" *Woodward v. Epps,* 580 F.3d 318, 334 (5th Cir. 2009) (quoting *Smith v. Dretke,* 422 F.3d 269,

288 (5th Cir. 2005)).

II

It is undisputed that Carpenter is indigent and entitled to representation under this statute. Carpenter asserts that the expert assistance of psychologists Gilda Kessner, Psy.D., and Roy S. Malpass, Ph.D, will be necessary to make an adequate presentation at the evidentiary hearing scheduled in this case. (Mot. at 2-3.) Dr. Kessner has provided an affidavit in support of Carpenter's claim that trial counsel provided ineffective assistance in failing to investigate and present evidence that was mitigating and that Carpenter posed no future danger. (Ex. P to 3rd Am. Pet.) Dr. Malpass has provided an affidavit regarding Carpenter's claim that trial counsel provided ineffective assistance in failing to investigate and present evidence that the eyewitness identification procedure used to inculpate Carpenter was impermissibly suggestive. (Ex. N to 3rd Am. Pet.)

The evidentiary hearing in this case was scheduled to determine whether claims that were not presented in the original state habeas corpus proceeding, including these claims, come within an exception to procedural bar. (Order, doc. 171, at 1-2.) Therefore, it is not clear whether these claims are procedurally barred or have any merit. Indeed, the parties have been instructed to come prepared to present evidence on the merits of these claims as well. And because these claims were not presented to the state court, the sought evidence would not merely supplement prior evidence.

Carpenter requests the combined amount of $7,500, pursuant to 18 U.S.C. § 3599(f), to cover the fees and expenses necessary to allow both experts to prepare for and testify at the hearing. Carpenter's appointed counsel has consulted with both experts and, based on experience, anticipates that the experts' preparation, travel, and in-court time will cost no more

than the requested amount. (Mot. at 3.) The undersigned finds that this is a reasonable amount for the sought services.

III

Carpenter has shown that the requested funding is reasonable and necessary to present his claims at the evidentiary hearing. Therefore, his motion (doc. 172) should be **GRANTED** and the sought funding allowed up to **$7,500**.

SIGNED August 17, 2017.

_____
RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE